**YAZOO SPOKE CO. et al. v. MOORE DRY KILN CO.**

(Circuit Court of Appeals. Fifth Circuit. January 22, 1925.)

No. 4414.

Appeal and error ⚓1004(1)—Where extent of plaintiff's loss uncertain, and proportion of it attributable to defendant unknown, it cannot be said as matter of law that verdict is inadequate.

In action against sellers of dry kiln for damage to hickory billets from operation of kiln, where there was evidence that plaintiff had not followed directions, and amount of loss was uncertain, and proportion of it attributable to defendant an unknown quantity, held, it could not be said as a matter of law that verdict was inadequate.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action by the Yazoo Spoke Company, a copartnership composed of C. E. Mann and H. B. Barber, against the Moore Dry Kiln Company. Judgment for plaintiff in an in-

sufficient amount, and it brings error. Judgment affirmed.

J. O. S. Sanders, of Jackson, Miss. (May, Sanders & McLaurin, of Jackson, Miss., on the brief), for plaintiff in error.

Robert H. Thompson and J. Harvey Thompson, both of Jackson, Miss., for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. The plaintiff, Yazoo Spoke Company, purchased from the defendant, Moore Dry Kiln Company, a dry-kiln system for use in drying out hickory billets, designed for sale as spokes for automobile wheels. A large quantity of the billets were damaged, and it was a disputed question in the case whether the damage was occasioned by the failure of the plaintiff to follow defendant's instructions in operating the dry kiln, or whether the instructions given were proper to be applied in the drying out of the billets. There does not seem to have been any doubt that the dry kiln itself, if properly operated, would have produced satisfactory results. The plaintiff claimed that its damages were at least $10,-000. However, it made no request for an instruction that it had been damaged in any particular sum, and the court, without objection, left it to the jury to determine what damages, if any, had been sustained.

There was evidence for the defendant to the effect that the plaintiff failed to follow instructions as to the proper use of the dry kiln, and especially as to temperature and humidity, and the relation to be maintained between them, during the progress of the drying out process, and that on several occasions, when defendant's representatives visited plaintiff's plant, the directions were not being followed, but were being violated in a manner which was calculated to bring about the very condition of which complaint is made. Under the instructions of the court the jury returned a verdict for the plaintiff for $1,000. The court denied the plaintiff's motion for a new trial, and the only question presented is whether in doing so the court abused its discretion.

The amount of plaintiff's loss is uncertain, and the proportion of that loss, if any, attributable to the defendant, is still more uncertain. It is true that the jury found a verdict for the plaintiff, but it does not follow that the jury did not believe that the greater part of the loss was due to plaintiff's failure to follow defendant's directions in operating the dry kiln, nor that the jury was actuated by prejudice or other improper motive. If the verdict had been for the defendant, it is not apparent that it could have been set aside for lack of evidence to support it. The loss attributable to the defendant being an unknown quantity, it cannot be held as a matter of law that the verdict was inadequate.

The judgment is affirmed.